Ismael ARELLANO, Petitioner—Appellant,

v.

Robert BORG, Warden, Respondent—Appellee.

No. 03–16268.
D.C. No. CV–92–01630–DFL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 2004.

Decided March 19, 2004.

Allison Claire, Carolyn M. Wiggin, Esq., Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Ward A. Campbell, Esq., Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before B. FLETCHER, REINHARDT, Circuit Judges, and RESTANI, Judge.*

### MEMORANDUM**

Petitioner Ismael Arellano ("Arellano"),[1] a California state prisoner, appeals the

---

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We note that the parties' filings and most of the record in this case reflects petitioner's last name as "Arrellano." However, petitioner's signature indicates that the name is actually

district court's denial of his petition for habeas corpus relief. Arellano was convicted of first-degree murder in 1989, and was sentenced to a term of 27–years–to–life. Arellano's habeas petition raises claims of prosecutorial misconduct, improper admission of prejudicial character evidence and ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm in part, reverse in part, and remand for a limited evidentiary hearing.[2]

■ Arellano argues that his due process rights were violated by the prosecutor's misconduct during closing argument. In order to succeed in his claim, Arellano must show that the prosecutor's misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). During closing arguments, the prosecutor argued to the jury that Arellano's main alibi witness-his wife's grandmother-had lied on the stand about Arellano's whereabouts on the date of the murder. Even though there was no direct evidence of fabrication, the prosecutor recited to the jury an imaginary conversation between Arellano's wife and her grandmother in which the wife asks the grandmother to commit perjury on Arellano's behalf. We find these statements by the prosecutor deeply troubling. A prosecutor may suggest that a witness has been untruthful, *see United States v. Molina*, 934 F.2d 1440, 1445 (9th Cir.1991), but he or she may not suggest facts not in evidence.[3] However, while we disapprove of the prosecutor's conduct in this case, we cannot say that it "so infected the trial with unfairness as to make [Arellano's] conviction a denial of due process." *Donnelly*, 416 U.S. at 643. We therefore affirm the district court's determination on this claim.

■ Arellano also contends that he was denied a fair trial because of the trial court's decision to admit irrelevant and prejudicial evidence of his involvement with drugs. As with the prosecutorial misconduct claim, we cannot grant habeas relief based on this ground unless Arellano's

---

spelled "Arellano" and we of course defer to petitioner's spelling of his own name.

**2.** Because Arellano's habeas petition was filed in 1992, the provisions of the Anti–Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214, do not apply to the merits of Arellano's case. *See Alcala v. Woodford*, 334 F.3d 862, 868 (9th Cir.2003).

**3.** The Supreme Court has long made clear that prosecutors bear an important responsibility in ensuring the integrity of our judicial system. The Court's statement in *Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), while addressed to federal prosecutors, is equally applicable to their state counterparts:

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

> It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none.

trial was rendered fundamentally unfair. *See Karis v. Calderon,* 283 F.3d 1117, 1129 n. 5 (9th Cir.2002). Moreover, Arellano must show that any error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). Even assuming-as did the state appellate court-that the trial court committed error by admitting the contested evidence, we find any error to be harmless under *Brecht.* The jury in the case had already been presented with substantial evidence of Arellano's involvement with drugs. In particular, Monica Luna had testified that Arellano had been engaged in drug dealing around the time of the victim's death. The district court did not err in denying relief on this claim.

Arellano also raises an ineffective assistance of counsel claim, arguing that his trial counsel performed deficiently in a number of ways. A habeas petitioner alleging ineffective assistance of counsel must first show that the attorney's representation fell below an objective standard of reasonableness. *See Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner must then show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

■ Although we reject most of Arellano's complaints regarding his trial counsel's performance,[4] we conclude that Arellano's ineffectiveness claim with regard to his trial testimony may meet the *Strickland* standard. Arellano took the stand in his own defense, but trial counsel never asked him whether he denied committing the crime; nor did he ask him to provide any details about his alibi. The state contends that defense counsel's actions were part of his trial strategy: it argues that counsel was attempting to limit the scope of cross-examination by his sparse questioning on direct. If that is the case, defense counsel was operating under an erroneous understanding of California law. *See People v. Zerillo,* 36 Cal.2d 222, 223 P.2d 223, 227 (1950) (holding that cross-examination "may be directed to the eliciting of *any* matter which may tend to overcome or qualify the effect of the testimony given by [the witness] on [ ] direct examination." (emphasis added)). "Trial strategy" is not a proper label for an attorney's action if that action is based on a misunderstanding of the law. *See United States v. Span,* 75 F.3d 1383, 1389–90 (9th Cir. 1996) (finding ineffective assistance of counsel where counsel failed to request a jury instruction because of his misunderstanding of the law). However, even if counsel's handling of Arellano's testimony on direct examination had been a reasonable tactic, his failure to conduct a more extensive inquiry on redirect cannot be justified on the basis of his trying to limit cross-examination. By the time of Arellano's testimony on redirect, the prosecutor had already elicited any significant damag-

---

4. Contrary to Arellano's assertions, trial counsel did object to the admission of drug and drug-related evidence, and to Luna's testimony about fearing retaliation. Trial counsel was therefore not deficient in these areas. Counsel's performance during closing argument was also not deficient: his statements regarding Arellano were clearly attempts to defuse negative evidence about his client. *See Yarborough v. Gentry,* 540 U.S. 1, 124 S.Ct. 1, 6–7, 157 L.Ed.2d 1 (2003). Arellano's other claims regarding counsel's failure to request limiting instructions similarly lack merit.

ing information that Arellano's counsel may have been trying to keep from the jury. On the basis of the record as it stands now, Arellano's counsel's decision not to elicit from Arellano a firm statement that he did not commit the crime constituted deficient performance. We note, however, that the record has not been fully developed on this issue, and trial counsel may well have had reasons not evident from the current record to proceed as he did. We therefore remand to the district court for a limited evidentiary hearing on the issue of counsel's performance during Arellano's testimony. *See Turner v. Duncan,* 158 F.3d 449, 458 (9th Cir.1998) (remanding for a limited evidentiary hearing on ineffective assistance of counsel claim); *see also* 28 U.S.C. § 2106 (stating that Court of Appeals may "require such further proceedings to be had as may be just under the circumstances.").

Of course, *Strickland* requires a showing of prejudice in addition to a showing of deficient performance. If trial counsel's performance was indeed deficient, we find that Arellano has made the required showing of prejudice. The case against Arellano was not overwhelming: by the prosecutor's own admission, the case came down to whether Luna or Arellano was telling the truth about the events on May 12, 1988. The prosecutor's closing argument emphasized the fact that Arellano had not denied committing the crime and had not provided any details about what he was doing in San Jose on the date of the crime. Arellano's sparse testimony left the jury with little to balance against the prosecution's eyewitness. We find that any deficient performance by counsel in handling Arellano's testimony would undermine con-

fidence in the jury's verdict. *See Strickland,* 466 U.S. at 694.

We remand to the district court for a limited evidentiary hearing on the issue of whether Arellano's trial counsel's performance in handling Arellano's testimony was justified on grounds other than his attempt to limit cross-examination. If the district court finds no other justification for trial counsel's performance, it should grant Arellano's habeas petition subject to the usual conditions. **Costs accessed against the Appellee.**

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**